NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: 40 LAKEVIEW DRIVE, LLC,<br><br>Debtor. | Bankruptcy No.: 15-14692 (VFP) |
| GRACE WONG,<br>          Appellant,<br>v.<br>JAY L. LUBETKIN, *et al.*,<br>          Appellee. | Civil Action No.: 17-5730 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of *pro se* Appellant Grace Wong's ("Appellant") Motion for Reconsideration. (ECF No. 9). Appellant asks the Court to reconsider its November 28, 2017 Order in which the Court denied Appellant's Motion for Extension of Time to File Appellant's Appendix and Brief ("the Motion"), and dismissed the appeal. (ECF No. 8). Appellee Jay L. Lubetkin ("Appellee") has filed Opposition. (ECF No. 10). The Court has considered the *pro se* status of Appellant as well as the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Appellant's Motion for Reconsideration.

## BACKGROUND

Appellant filed a Notice of Appeal from Bankruptcy Court on August 4, 2017. (ECF No. 1). Appellant filed a designation of the record on August 4, 2017, and her appendix and brief were

due on September 5, 2017. (ECF No. 2). Appellant filed the Motion on November 1, 2017, two months after her brief and appendix were due. (ECF No. 4). The Court denied the Motion and dismissed the appeal on November 28, 2017. (ECF No. 8). The Court's decision referenced several other appeals filed by Appellant over the years in which Appellant consistently made untimely filings. (ECF No. 8 ¶ 6). The Court concluded that her consistently untimely filings, coupled with her knowledge of the appeals process, qualified as bad faith. (ECF No. 8 ¶ 5–7). Appellant now moves for reconsideration. (ECF No. 9).

## LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

The third prong requires "dispositive factual matters or controlling decisions of law" that were "brought to the court's attention but not considered." *Mason v. Sebelius*, Civil No. 11-2370 (JBS/KMW), 2012 U.S. Dist. LEXIS 106522, at *5 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A motion for reconsideration cannot be used merely to relitigate old matters or to present evidence that was already available to the Court during its initial consideration. *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Furthermore, "[t]he fact that an issue was not explicitly mentioned

2

by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, Civil No. 97-5127 (RBK/JS), 2011 U.S. Dist. LEXIS 85805, at *19 (D.N.J. July 21, 2011) (citing *Ashton v. AT&T Corp.*, Civil Action No. 03-CV-3158 (DMC), 2006 U.S. Dist. LEXIS 4787, at *4–5 (D.N.J. Feb. 2, 2006)).

In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations and quotations omitted). A motion for reconsideration is generally futile "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier." *Id.* at 168.

## **DICUSSION**

Appellant raises three arguments against the Court's finding of bad faith, claiming there is a "need to correct clear error of law or prevent manifest injustice." *Wiest*, 710 F.3d at 128. As discussed below, none of Appellant's arguments convince the Court that its November 28, 2017 Order should be reconsidered.

First, Appellant argues that the Court failed to consider several of her other cases in which she filed either her brief, or a request for an extension, on time. (ECF No. 9-1 at 13). However, as the Court's November 28, 2017 Order stated, Appellant's frequent filing of bankruptcy appeals "should have given her clear awareness of the filing requirements." (ECF No. 8 ¶ 5). Appellant's timely filings in other cases does not change the fact that "Appellant regrettably makes untimely filings—akin to her conduct in this case—on a consistent basis." (*Id.* ¶ 6).[1] Rather than supporting

---

[1] Ironically, this Motion for Reconsideration is another example of Appellant's late filings. Appellant had 14 days after the Court's November 28, 2017 Order to file a motion for reconsideration. L.Civ.R. 7.1(i). However,

3

her argument, Appellant's knowledge of the appeals process from her other cases led the Court to conclude that her untimely filings "qualifie[d] as bad faith." (ECF No. 8 ¶ 7). Consequently, Appellant's prior filings only enforce the Court's original conclusion that she was acting in bad faith.

Second, Appellant claims that the Court could not find that she acted in bad faith because she complied with previous court orders. (ECF No. 9-1 at 14). To support her argument, Appellant points to a letter from Appellee to the Honorable Vincent F. Papalia, U.S.B.J., which states that Appellant complied with a court order by giving Appellee access to the property. (ECF No. 9-1 at Ex. I). However, Appellee explained in his Opposition that he only gained access to this property after Appellant ignored several court orders and he visited the property with a locksmith and the U.S. Marshals to change the lock. (ECF No. 10 ¶ 9). Appellant's eventual compliance does not outweigh her multiple failures to comply beforehand. In fact, the Court's November 28, 2017 Order mentioned one of the prior court orders that Appellant failed to follow. (ECF No. 8 ¶ 6). In that court order, Judge Papalia "specifically noted Appellant's bad faith." (*Id.*). Accordingly, Appellant's compliance on one occasion does not persuade the Court to reconsider its initial finding of bad faith.

Finally, Appellant argues that the Court did not send her a copy of the order specifying that her brief was due on September 5, 2017, and therefore she was unaware that she missed the brief's deadline. (ECF No. 9-1 at 10, 14). However, Appellant is not referring to an order by this Court, but rather an automated statement attached to her own designation of the record. (ECF No. 2). Appellant's clear reliance on the Federal Rules of Bankruptcy Procedure to designate the record

---

Appellant signed and sent this Motion for Reconsideration 30 days after the Court's November 28, 2017 Order. (ECF No. 9-1 at 14 (showing that Appellant's Motion for Reconsideration was sent on December 26, 2017); ECF No. 10 ¶ 4 (acknowledging receipt of Appellant's Motion for Reconsideration on December 26, 2017)).

4

should have made her aware of the brief's due date. Specifically, Federal Rule of Bankruptcy Procedure 8018(a) states that Appellant had thirty days to file her brief "after the docketing of notice that the record has been transmitted or is available electronically." Appellant's multiple filings and requests for extensions are further evidence that she is aware of the requirements of Federal Rule of Bankruptcy Procedure 8018(a). *See, e.g.,* ECF No. 4 at 6 (quoting Federal Rule of Bankruptcy Procedure 8018(a) to support her motion being granted); Mot. For Extension of Time to File Appellant's App. and Br., *Wong v. Lubetkin et al.*, D.N.J. No. 17-5643 (Oct. 30, 2017), ECF No. 4. This Court is cognizant of Appellant's *pro se* status, and has taken that into consideration. However, as previously stated in the Court's November 28, 2017 Order, Appellant's *pro se* status "does not bind the Court in situations such as this where Appellant should have been aware of the filing requirements and failed to abide by them." (ECF No. 8 ¶ 8). Therefore, the Court rejects Appellant's final argument.

As this analysis shows, the Court did not overlook any of these arguments in its November 28, 2017 Order. In fact, the evidence raised by Appellant was previously available to, and considered by, the Court. The examples of timely filings that Appellant points to in her first argument were raised in this Court's November 28, 2017 Order. (*Compare* ECF No. 9-1 at 5–7, *with* ECF No. 8 ¶ 5). The November 28, 2017 Order also discussed Appellant's non-compliance in the underlying bankruptcy case. (ECF No. 8 ¶ 6). Appellant's final argument—that she was not notified of the brief's deadline—was first raised in her brief in support of the Motion. (ECF No. 4 at 4). The Court fully considered this evidence in forming its November 28, 2017 Order and decided it was not sufficient to grant the Motion in light of the evidence of bad faith in the record. (ECF No. 8 ¶ 7). Instead of asserting contradictory evidence that the Court may have overlooked, it appears as though Appellant is simply—and improperly—attempting to relitigate matters that

were already decided due to her disagreement with the outcome. *CPS MedManagement LLC*, 940 F. Supp. 2d at 167–68. Therefore, Appellant's Motion for Reconsideration is denied.

## **CONCLUSION**

For the aforementioned reasons, the Court hereby denies Appellant's Motion for Reconsideration. An appropriate Order follows this Opinion.


Dated: January 30th, 2018

JOSE L. LINARES
Chief Judge, United States District Court